IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NA'QUAN THOMAS,** : <br>     **Plaintiff,** : <br> : <br> **v.** : <br> : <br> **SOLERA SENIOR LIVING LLC,** *et al.*, : <br>     **Defendants.** : | **CIVIL ACTION NO. 25-CV-4944** |

## ORDER

AND NOW, this 10th day of October, 2025, upon consideration of Plaintiff Na'Quan Thomas's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and Complaint (ECF No. 2), it is **ORDERED** that:

1. Thomas's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

    a. all Title VII claims against Defendants Rebecca Kotwas, Shanell Hamilton, and Lewana Dupree;

    b. the claim for wrongful termination under Pennsylvania law; and

    c. all claims for negligent and willful failure to investigate.

4. The following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

    a.   The discriminatory termination and hostile work environment claims against Solera pursuant to Title VII, 42 U.S.C. § 1981 and the Pennsylvania Human Relations Act ("PHRA"); and

    b.   The state law defamation claim against Defendants Solera, Kotwas, and Hamilton.

5.    The only claim that currently remains in this case is Thomas's retaliation claim against Solera pursuant to Title VII, § 1981 and the PHRA.

6.    The Clerk of Court is **DIRECTED** to send Thomas a blank copy of this Court's current standard form to be used by a self-represented litigant filing an employment discrimination action bearing the above-captioned civil action number. Thomas may use this form to file his amended complaint if he chooses to do so.

7.    Thomas is given thirty (30) days to file an amended complaint in the event he can cure the defects the Court has identified in the claims dismissed without prejudice. Any amended complaint shall identify all defendants in the caption of the complaint in addition to identifying them in the body of the complaint, shall state the basis for Thomas's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 25-4944. If Thomas files an amended complaint, it must be a complete document that includes all of the bases for his claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. **Claims that are not included in the amended complaint will NOT be considered part of this case, including the retaliation claim against Solera pursuant to Title VII, § 1981, and the PHRA**. This means that Thomas must reassert the above claim if he wants to pursue it. Thomas may not assert a claim that has already been dismissed with prejudice. When drafting his amended complaint, Thomas should be mindful of the Court's reasons for

dismissing the claims in his original Complaint as explained in the Court's Memorandum. Claims that are not included in the amended complaint will not be considered part of this case. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Thomas does not file an amended complaint the Court will direct service of the Complaint on Defendant Solera **only**. Thomas may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Thomas is reminded to include the case number for this case, 25-4944.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

            **BY THE COURT:**

            _____
            **MARY KAY COSTELLO, J.**