IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NA'QUAN THOMAS,<br>    Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-4944** |
| | : | |
| SOLERA SENIOR LIVING, LLC, | : | |
|    Defendant. | : | |

**<u>MEMORANDUM</u>**

**COSTELLO, J.**                                                          **MAY  20, 2026**

*Pro Se* Plaintiff Na'Quan Thomas brings this civil action against Defendant Solera Senior

Living LLC ("Solera"), asserting retaliation claims under Title VII and 42 U.S.C. § 1981.

Currently before the Court is Solera's exhaustion-based Partial Motion to Dismiss (ECF No. 19),

to which Thomas has filed a Response (ECF No. 20).  For the following reasons, Solera's

Motion will be granted, and Thomas's Title VII retaliation claim will be dismissed without

prejudice.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Thomas is an African-American man who was employed by Solera as a caregiver at Echo

Lake Senior Living from June 2025 to August 25, 2025.  (Am. Compl. ¶ 8.)  In an incident on

August 16, 2025, Thomas was verbally harassed by a white resident who called him the N word

and slammed a door on Thomas's leg.  (*Id*. ¶¶ 10-16.)  After the incident, a supervisor told

Thomas that the resident had "reported" him, and restricted him from working on the resident's

floor.  (*Id*. ¶¶ 17-18.)  Thomas submitted a written statement to human resources about the

---

[1] The factual allegations are taken from the Amended Complaint (ECF No. 7).  The Court
adopts the sequential pagination supplied by the CM/ECF docketing system.

incident titled, "Formal HR Complaint – Discrimination, Retaliation, and Mishandling of Resident Report."  (*Id*. ¶¶ 19-20.)  In it, Thomas "documented the racial slurs, the physical aggression, the witnesses, and [his supervisor's] one-sided handling of the incident[.]"  (*Id*. ¶ 21.) The following day, August 20, 2025, Thomas was notified that he was suspended from work pending an investigation.  (*Id*. ¶ 22.)  Thomas repeatedly contacted his HR supervisor to ask the basis for the investigation, but she ignored him.  (*Id*. ¶¶ 23-27.)  On August 25, 2025, Thomas "reported [her] conduct to Corporate HR Director Lewana Dupree[.]"  (*Id*. ¶¶ 23-28.)  The same day, he received a letter terminating his employment with Solera.  (*Id*. ¶ 29.)

Thomas filed his initial Complaint on August 26, 2025, the day after he was terminated, alleging claims against Solera and three of its employees under Title VII, § 1981, and Pennsylvania state law.  (*See* Compl.)  In an October 10, 2025, Memorandum and Order, the Court dismissed the Complaint with the exception of Thomas's Title VII retaliation claim, and granted him leave to amend.[2]  *See Thomas v. Solera Senior Living LLC*, No. 25-4944, 2025 WL 2901065 (E.D. Pa. Oct. 10, 2025).  Thomas timely filed his Amended Complaint.  (ECF No. 7.) In a December 19, 2025, Memorandum and Order, the Court screened the Amended Complaint, directed service of Thomas's Title VII and § 1981 retaliation claims against Solera, and dismissed the remaining claims and Defendants.  *Thomas v. Solera Senior Living LLC*, No. 25-4944, 2025 WL 2702845 (E.D. Pa. Dec. 19, 2025).

---

[2] Thomas's initial Complaint failed to allege the filing of a charge of discrimination with the EEOC or receipt of a Notice of Right to Sue letter.  The Court advised him that exhaustion was a prerequisite to suit in federal court for violation of Title VII and that he "should be mindful of the administrative exhaustion requirement in drafting any amended complaint."  *See Thomas v. Solera Senior Living LLC*, No. 25-4944, 2025 WL 2901065, at *2 n.2 (E.D. Pa. Oct. 10, 2025) (citations omitted).

## II.    STANDARD OF REVIEW

Solera moves to dismiss Thomas's Title VII retaliation claim under Rule 12(b)(6).  "A

12(b)(6) motion tests the sufficiency of the allegations contained in the complaint."  *Peters v.*

*Brown,* 793 F. App'x 118, 123 (3d Cir. 2019) (*per curiam*) (quoting *Kost v. Kozakiewicz*, 1 F.3d

176, 183 (3d Cir. 1993) (internal quotation marks omitted).  In deciding a motion to dismiss

under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing

*Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

"Although the plausibility standard does not impose a probability requirement, it does require a

pleading to show more than a sheer possibility that a defendant has acted unlawfully."  *Connelly*

*v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations

omitted).  It is the defendant's burden to show that a complaint fails to state a claim.  *See Hedges*

*v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to

dismiss, the "defendant bears the burden of showing that no claim has been presented").

## III.    DISCUSSION

Before a litigant can bring a Title VII action in federal court, he must comply with the

procedural requirements set forth in 42 U.S.C. § 2000e–5.  *See Hornsby v. U.S. Postal Serv.*, 787

F.2d 87, 90 (3d Cir. 1986) ("A [Title VII] complaint does not state a claim upon which relief

may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII:

prior submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution."). In a "deferral state" such as Pennsylvania, a complainant has 300 days from the date of the adverse employment decision to file a claim with the EEOC. *See Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (citing 42 U.S.C. § 2000e-5(e)(1)). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). The EEOC must then investigate the charge within 180 days and notify the complainant of its resolution. *See* 42 U.S.C. § 2000e–5(f)(1); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). If the EEOC finds no reason to take action, it must notify the complainant through a right-to-sue letter. Once a complainant receives the right-to-sue letter, he has 90 days to bring a lawsuit. *Id.* A plaintiff's "[f]ailure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim." *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011) (citing *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87–88 (3d Cir. 1999)).

Defendant Solera argues that Thomas's Title VII retaliation claim should be dismissed because he failed to allege exhaustion of the required administrative remedies. (ECF No. 19-1 at 8-10.) Specifically, Solera argues that "Plaintiff does not allege whether he filed a claim with the EEOC or received a right to sue letter, and accordingly has failed to state a claim to relief." (*Id.* at 9.) Solera seeks a with-prejudice dismissal of Thomas's Title VII retaliation claim. (ECF No. 19-2 at 1.)

Thomas's Response does not meaningfully address Solera's exhaustion argument. He appears to misunderstand Solera's Motion as seeking dismissal based on the merits of his Title VII retaliation claim, rather than on the exhaustion of his administrative remedies. He contends

that "each element [of his retaliation claim] is supported by detailed factual allegations[,]" (ECF No. 20 at 2), but does not address Solera's contention that he failed to allege having filed a charge with the EEOC or receipt of a notice of right to sue letter, (*see generally id.*).  Indeed, neither Thomas's Response nor his Amended Complaint alleges any facts as to exhaustion of his Title VII retaliation claim.  (*See generally id*; *see also* Am. Compl.)  Accordingly, the Court will grant Solera's Motion.  However, because the 300-day exhaustion deadline has not yet elapsed, the Court will dismiss Thomas's Title VII retaliation claim without prejudice and he may refile his claim after exhausting his administrative remedies.  *See Hewitt v. BS Transportation of Illinois, LLC*, 355 F. Supp. 3d 227, 235 (E.D. Pa. 2019) (dismissing Title VII retaliation claim without prejudice and permitting plaintiff to refile after exhausting administrative remedies "provided that such exhaustion is not time-barred."); *see Gooding v. Warner-Lambert Co.*, 744 F.2d 354 (3rd Cir. 1984) (finding abuse of discretion where district court dismissed Title VII for failure to allege exhaustion of administrative procedures without first granting leave to amend complaint).

## IV.    CONCLUSION

For the foregoing reasons, Solera's Partial Motion to Dismiss will be granted, and Thomas's Title VII retaliation claim will be dismissed without prejudice.  He may refile his Title VII retaliation claim after exhausting his administrative remedies.  Solera shall file a responsive pleading to the remaining claims in Thomas's Amended Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4).

An appropriate order follows.

BY THE COURT:

**MARY KAY COSTELLO, J.**